**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

IN RE:                                            CASE NO. 13-50202PCY5
REED, MICHAEL WARREN

                                                            CHAPTER 7

        Debtor(s).
_____/

**CHAPTER 7 TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO EXEMPTIONS**

COMES NOW, Chapter 7 Trustee, Theresa M Bender, ("Trustee"), by and through her undersigned counsel, files this Memorandum of Law in Support of Her Objection to Exemptions:

On August 28, 2013 (Doc. 105), the Trustee filed an objection to Debtor's claim of exemption to homestead on the property located at 1516 Match Point Lane, Unit 203, Panama City Beach, FL. 32413, to the extent that this is not a valid homestead. Accordingly, the real estate (and the deposit funds of $153,000) is not exempt under the claimed exemption of Art. 10, Section 4(a)(1), Fla. Const.

**FACTUAL SUMMARY**

1. The Trustee adopts the facts propounded by Creditor, Myra Reed, in her Objection to Claimed Homestead, to the extent they are supported by the documentation provided in the parties' exhibit lists. While no agreed findings of fact have been filed to this date, the Trustee's believes that to the extent of the submissions of the Debtor and Creditor, the facts appear to be undisputed.

**MEMORANDUM OF LAW**

EXECUTORY CONTRACT

2. Debtor's contractual offer to purchase residential real property falls within the scope of an executory contract pursuant to 11 U.S.C. §365. Judge Mark, in a case in which the Debtor entered into a prepetition contract with a third party to sell his condominium deemed the real estate contract to be subject to the authority of 11 U.S.C. §365. *See, In re Rabin, Blair 11D Condo, LLC v. Rabin*, Case No. 05-11395 (Bankr. S.D. Fla. 2007 (Doc. 33)). "The Court finds no authority limiting §365 to contracts involving non-exempt property. Section 365(a) authorizes the trustee 'to assume or reject any executory contract or unexpired lease of the debtor.' (Emphasis added by Judge). Absent any ambiguity in the language of the statute, the Court must abide by the plain meaning of the text. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). Under its plain meaning, §365 applies to all executory contracts except those specifically excluded from its reach under §365(c)." Id, page 6. Judge Mark concluded that "since the trustee did not move to assume or reject the contract within 60 days from that date (the date of relief under Chapter 7), the contract was deemed rejected under 365(d)(1)." Id. See also, Judge Hyman's ruling in the Chapter 13 case of *In re Taliha R. Porterfield*, Case no. 05-23754-BKC-PGH (Bankr. S.D. Fla. 2005), holding that a rental purchase agreement falls within the scope of 11 U.S.C. 365, and "shall be treated as an unexpired executory lease, which Debtor must assume or reject in accordance with 11 U.S.C. §365.

3. The Code does not define "executory contract." There are two definitions or approaches, The Countryman definition or the "functional approach." However, it is not necessary to examine whether this contract fits either analysis. As Judge Briskman

succinctly put, "(t)he Contract constitutes an executory contract of residential real property of the Debtors whether the Countryman or the functional approach definition is applied….Finding the Contract to be executory is in accord with determinations made by other courts addressing real property sales contracts. Most courts have found a contract to be executory where the debtor is the seller of real property." *In re: Hueh-Ching Lowry*, Case No. 6:05-bk-13356-ABB (Bankr. M.D. Fla. 2006).

4. The underlying matter is no different. The Debtor's contractual offer to purchase residential real property falls within the definition of an executory contract. The contract was not assumed by the trustee or the debtor within 60 days of the request for relief under Chapter 7 of the Bankruptcy Code. The Trustee has an affirmative fiduciary duty to administer assets for the benefit of the estate. The Trustee did not assume this contract as it does not benefit the estate, but in fact operates to use estate assets for the benefit of the Debtor. The sixty-day executory contract assumption or rejection period has expired. The Contract is rejected. The funds intended to be used to purchase this residential real property are property of the estate subject to turnover by the Debtor.

### OFFER TO PURCHASE RESIDENTAL REAL PROPERTY IS NOT HOMESTEAD

5. Debtor's claim of homestead fails on its face as it is a *rejected* executory contract. Debtor has not, in fact, acquired the right to the residential real property in question. He does not have title, he does not have a right to occupy, and cannot claim residency in said property. (At 341 meeting, Debtor was unable to produce a valid Florida Driver's License with the address of said property because, pursuant to his

testimony, he could not prove residency to the State of Florida to acquire a driver's license with address of property in question.  Debtor, instead, produced a photo identification card from the Florida Dept. of Corrections.)

6. A deposit placed into escrow to validate an offer to purchase residential real property does not give the offerer rights to the property.  As testified by the Debtor at the Creditors' Meeting, no actions have been taken on the contract to further the sale or transfer of the title. No inspection, appraisal, survey or financing documents have been executed.  Neither the Debtor nor the Trustee could compel the Seller to deliver title under the current status of the Contract.

7. In order for "the individual to receive the protection of the constitutional homestead exemption, he must have an ownership interest in the residence that gives him the right to use and occupy it as his place of abode. *In re Kent*, Case No. 3:08-bk-7156-PMG (Bankr. M.D. Fla. 2009), citing to *In re Alexander*, 346 B.R. 546, 547 (Bankr. M.D. Fla. 2006). More particularly, *In re Alexander*, states "(a)s a general rule, the individual claiming the exemption need not hold fee simple title to the property. Rather, in order to claim the property in which the individual resides as exempt it is sufficient that (1) the individual have <u>a legal or equitable interest which gives the individual the legal right to use and possess the property as a residence</u>; (2) the individual have the intention to make the property his or her homestead; and (3) the individual actually maintain the property as his or her principle residence." While the Debtor in this matter has made it abundantly clear he intends to make the residential real property under contract his homestead once the closing occurs as the criteria in (2) requires, he fails to meet the remaining requirements of (1) and (3).  Debtor *does not reside* in the property, *nor has a legal or equitable right to possess* the property as his residence.

(Emphasis added.)  The Debtor in his creditors' meeting acknowledged that he did not maintain residency at the said real property. Even, his petition lists an unrelated street address as his address of record.  Judge Jennemann in *In re Yonkin*, Case No. 6:12-bk-07357-KSJ (Bankr. M.D. Fla. 2013), states "Debtors may not claim the Florida homestead exemption on property that clearly is not used as their home…" The property to be exempt must be the actual residence of the claimant…" Id. *See also, In re Harle*, Case No. 6:09-bk-03400-KSJ (Bankr. M.D. 2010) (judgment lien on assets antedates the debtors' eligibility to claim real property as their exempt homestead and that, therefore, the debtors' right to claim the homestead exemption for this property is subject to the pre-existing lien. The lien is superior to debtors' claim of exemption.)

8. As to whether the homestead exemptions may attach to the deposits held in escrow for the purchase of the real property, this issue is moot.  Debtor acknowledges that the funds in dispute derived from the sale of interest in stock. The funds in dispute have never been identified as proceeds or funds from the sale of a former homestead.

### OFFER OF PURCHASE OF THE PROPERTY WAS DONE TO HINDER, DELAY OR DEFRAUD A CREDITOR

9. Debtor relies heavily on Judge Killian's ruling in *In re Cook*, 460 B.R. 911 (Bankr. N.D. Fla. 2011) to support his contention that notwithstanding the source of the funds used to place a deposit on this offer to purchase residential real property, the funds are claimed as "homestead."  Debtor claims that the overriding need to secure a home is "credible and realistic" thereby sufficiently nullifying any notion of intent to hinder, delay or defraud creditors.  This Court is well aware that Judge Killian's decision in *Cook* was vacated on appeal, and the matter remanded for further proceedings consistent with the

District Court's order. This Court has taken the matter under advisement and has yet to rule in the *Cook* case.

10. The Eleventh Circuit states that courts may infer fraudulent conduct from circumstantial evidence and the surrounding circumstances of the transactions in determining proof of actual intent to hinder, delay, or defraud creditors. *In re XYZ Options, Inc.*, 154 F.3d 1262, 1271(11th Cir. 1998). The Eleventh Circuit has provided a non-exhausted list identified as "badges of fraud." The Northern District Court of Florida argues that the Bankruptcy Court should consider an analysis of all badges of fraud regardless of those which are argued by the parties. *See, Cook*, at p.5.

11. It is abundantly clear to this Trustee based upon the documentation and Debtors' testimony at the Creditors' Meeting that he placed $153,000 down on a deposit to secure his offer to purchase the real property to avoid paying said sums over to the judgment creditor. These circumstances surrounding the contract transaction indicate an intent to hinder, defraud or delay creditors as (1) transfer was made two days before the bankruptcy petition; (2) it was made after consultation with a bankruptcy lawyer; (3) it was made when debtors were insolvent or rendered the Debtor insolvent; (4) it was made at a time when creditors were prosecuting their claims against debtor; (5) the transfer was of substantially all of debtor's liquid assets; (6) the transfer occurred shortly before or after a substantial debt was incurred. *See, In re Assummaa*, 2010 WL 1379790 (Bankr. M.D. Fla. 2010). It is only necessary that the underlying circumstances fit one of the badges of fraud to defeat the claim of homestead exemption. In the underlying case, the transaction fits several of these badges.

## **CONCLUSION**

12. Debtor's is not entitled to a claim of homestead in the subject residential real property or the deposit funds held in escrow for the reasons propounded above: (1) the offer to purchase is a rejected executory contract; (2) the residential real property does not meet the criteria of "homestead" as Debtor *does not reside* in the property, *nor has a legal or equitable right to possess* the property as his residence; (3 ) contrary to Debtor's assertions, the surrounding circumstances of this transaction show proof that Debtor has committed an intent to hinder, delay, or defraud a creditor.

WHEREFORE, the Trustee, Theresa M. Bender, respectfully requests this Court to enter an order sustaining the Trustee's Objection to Debtor' Claim of Exemptions with regard to his homestead and grant the Trustee the authority to administer this funds as an asset of the estate.

RESPECTFULLY SUBMITTED this September 5, 2013.

/s/Theresa M. Bender
THERESA M. BENDER, TRUSTEE
P.O. Box 14557
Tallahassee, FL  32317
PH:  (850) 205-7777
FL. Bar No. 0749486
Tmbenderch7@yahoo.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served by U.S. mail, upon REED, MICHAEL WARREN,  P O BOX 459, PANAMA CITY, FL  32402; 13-50202PCY5 and by ECF System on: THOMAS B. WOODWARD, ESQUIRE, P.O. BOX 10058, TALLAHASSEE, FL 32302; RONALD A. MOWREY, 515 N. ADAMS STREET, TALLAHASSEE, FL. 3230; DOUGLAS L. SMITH, FOR CREDITOR MYRA REED, PO BOX 70, PANAMA CITY, FL. 32402; and Charles Edwards, Esq., Office of the U.S. Trustee, 110 East Park, Suite 128, Tallahassee, FL  32301.

Dated:   September 5, 2013                         /s/Theresa M. Bender